**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **5:08-CR-42(1)** |
| | § | |
| **GILBERT LAMONT CLARK, JR.** | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On October 3, 2008, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Denise Simpson. Defendant was represented by John Stroud.

Gilbert Lamont Clark, Jr. was sentenced on February 8, 2001, before The Honorable Dale E. Saffels, Senior U.S. District Judge for the District of Kansas after pleading guilty to the offense of distribution of cocaine base in violation of Title 21 U.S.C. § 841(a)(1), a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. Gilbert Lamont Clark, Jr. was subsequently sentenced to 70 months imprisonment followed by four (4) years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On April 11, 2006, Gilbert Lamont Clark, Jr. completed his period of imprisonment and began service of the supervision term. On May 19, 2008, jurisdiction in this matter was transferred to the Eastern District of Texas and assigned to the Honorable David Folsom, U.S. District Judge.

In its petition to revoke, the Government alleges the defendant violated the following conditions:

1) Defendant shall refrain from any unlawful use of a controlled substance. Specifically, the

Government alleges as follows.  On March 27, 2008, Mr. Clark submitted a urine specimen that tested positive for the use of marijuana. Mr. Clark subsequently admitted to said use.

2) Defendant shall refrain from any unlawful use of a controlled substance.  Specifically, the Government alleges as follows. On May 7, 2008, Mr. Clark submitted a urine specimen that tested positive for the use of marijuana. Mr. Clark subsequently admitted to said use.

3) Defendant shall refrain from any unlawful use of a controlled substance.  Specifically, the Government alleges as follows.  On August 1, 2008, Mr. Clark submitted a urine specimen that tested positive for the use of marijuana. Mr. Clark denied using said substance. On August 8, 2008, lab testing confirmed that he used marijuana prior to submitting the test on the above noted date.

4) Defendant shall refrain from any unlawful use of a controlled substance.  Specifically, the Government alleges as follows.  On September 5, 2008, Mr. Clark submitted a urine specimen that tested positive for the use of marijuana. Mr. Clark denied using said substance. On September 12, 2008, lab testing confirmed that he used marijuana prior to submitting the test on the above-noted date.

5) Defendant shall refrain from any unlawful use of a controlled substance.  Specifically, the Government alleges as follows.   On September 19, 2008, Mr. Clark admitted to using marijuana about one week prior to this date.

The Court scheduled a revocation hearing October 3, 2008. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, the defendant pled true to the allegations as set forth above.  Based upon the defendant's plea of true to the first allegation and with no objection by the defendant or the Government, the Court found the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that the defendant, Gilbert Lamont Clark, Jr., be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five months with no term of supervised release to follow said term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that the defendant, Gilbert Lamont Clark, Jr., be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five months with no term of supervised release to follow said term of imprisonment. It is further

**REQUESTED** that the Bureau of Prisons designate the Federal Correctional Institution in Texarkana, Texas for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

 **SIGNED this 6th day of October, 2008.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE